## NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OKLAHOMA

**Filed / Docketed**
**February 25, 2010**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MAYNARD, MATTHEW** | ) | |
| **MAYNARD, STEPHANIE** | ) | **Case No. 09-13361-R** |
| | ) | **Chapter 7** |
| Debtors. | ) | |
| | ) | |

| | | |
|---|---|---|
| **MATTHEW and STEPHANIE MAYNARD,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Adv. No. 09-1124-R** |
| | ) | |
| **RADIOLOGY CONSULTANTS OF TULSA,** | ) | |
| **INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT

In this adversary proceeding, Matthew and Stephanie Maynard, the debtors in this case (the "Maynards"), seek damages for an alleged willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1). The Maynards contend that Radiology Consultants of Tulsa, Inc. ("Radiology") willfully violated the stay by mailing a statement to the Maynards after the commencement of their Chapter 7 case. The Maynards also allege that after their counsel sent a letter to Radiology informing it of the alleged stay violation and demanding $1,600 in damages, Radiology's counsel's reply requesting further information from the

Maynards' counsel constituted a separate stay violation.  The Maynards seek actual and punitive damages in excess of $3,200 for these alleged stay violations.

Before the Court is the Defendant's Motion for Summary Judgment and Brief in Support filed by Radiology on January 8, 2010 (Adv. Doc. 8) (the "Motion") and Plaintiff's (sic) Response to Defendant's Motion for Summary Judgment and Brief in Support filed by the Maynards on January 19, 2010  (Adv. Doc. 12) (the "Response").

The Court has jurisdiction of this "core" proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(A) and (O); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

In the Complaint (Adv. Doc. 1), the Maynards seek recovery pursuant to Section 362(k)(1) of the Bankruptcy Code, which states that:

> an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. §362(k)(1).  By its plain language, the statute requires that the Maynards establish <u>both</u> a willful violation of the automatic stay <u>and</u> that the violation caused an injury to the Maynards resulting in actual damages.  See <u>Hutchings v. Ocwen Federal Bank (In re Hutchings)</u>, 348 B.R. 847, 879 (Bankr. N.D. Ala. 2006) ("For damages to be awarded to an individual under [Section 362(k)(1)], the individual *must prove an injury caused by the stay violation and that the violation of the stay was willful.*") (emphasis in the original).  Both elements are essential to the Maynards' claim.  A violation without actual damages,

regardless of its willfulness, does not meet the statutory requirement for the Maynards to recover damages.  Id. at 882.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c), made applicable to this proceeding by Fed. R. Bank. P. 7056.  In ruling on a summary judgment motion, a court must first consider which party has the burden of proof at trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  When, as here, the movant does not have the burden of proof at trial,

> [t]he movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  In so doing, a movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim.  Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.

Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir. 1998) (internal citations omitted) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986)) (emphasis added). Thus, in order to prevail on its Motion, Radiology is not required to negate all of the Maynards' allegations;  Radiology is only required to point to a lack of evidence on an essential element of the Maynards' claim.  In its Motion, Radiology points out that the Maynards have not shown any evidence of actual damages from any violation that Radiology may have committed.  Motion at 7 - 8.  Because actual damages are an essential element of a claim under Section 362(k)(1), the burden shifted to the Maynards,

> If the movant carries this initial burden, <u>the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence</u> in the event of trial from which a rational trier of fact could find for the nonmovant.

<u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d at 671 (quoting Fed. R. Civ. P. 56(e)) (emphasis added)). In their Response, the Maynards failed to "set forth specific facts" that would present an issue of fact to be determined at trial. The Response is completely void of <u>any</u> specific facts that indicate that the Maynards suffered actual damages, much less facts that would be admissible in evidence.[1]

In their Response, the Maynards contend that Radiology's Motion should be denied because the Maynards have not had an opportunity to conduct discovery. Rule 56(f) of the Federal Rules of Civil Procedure provides that "[i]f a party opposing the [summary

---

[1] The Maynards' Response fails to meet the procedural or substantive requirements of Local Rule 7056-1(B). In relevant part, LR 7056-1(B) states:

> The response brief shall begin with a section stating, by paragraph number, each of the movant's facts to which the non-movant contends a genuine issue exists, and shall refer with particularity to those portions of affidavits, discovery materials, pleadings, and other relevant parts of the record before the Court upon which the non-movant relies to dispute the movant's fact. All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material.

> If the non-movant contends that other material facts exist which preclude summary judgment, the non-movant shall set forth each such material fact in a separately numbered paragraph and shall refer with particularity to those portions of affidavits, discovery materials, pleadings, and other relevant parts of the record before the Court upon which the non-movant relies. Affidavits, discovery materials, pleadings, and other relevant portions of the record upon which the non-movant relies shall be attached to the brief.

LR 7056-1(B). Because the Maynards' Response fails to controvert the facts alleged by Radiology in its Motion, all of the material facts pled in Radiology's Motion are deemed admitted. Further, the Maynards' Response fails to state any additional facts which they contend are material to the determination of this matter.

judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the court may deny the motion, order a continuance, or enter any other "just order."  Fed. R. Civ. P. 56(f).  The Tenth Circuit has stated that:

> "[a] prerequisite to granting relief pursuant to [Rule 56(f) ] . . . is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.

Price v. Western Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000) (quoting Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir.1992)).  In order to obtain relief under Rule 56(f), the Maynards were required to attach an affidavit explaining the specific facts regarding their alleged damages that were unavailable, why those facts were not available, and what steps they had taken to obtain those facts.  The Maynards failed to attach an affidavit to their Response.

Moreover, it should not be necessary for the Maynards to conduct discovery in order to set forth specific facts and evidence regarding their own damages, information over which they have sole control.  See Price, 232 F.3d at 783.  The court in Martinez offered a practice tip in this area:  "If an attorney cannot identify actual damages incurred by the stay violation before filing the [action], then the attorney should not file the [action] in the first place."  In re Martinez, 281 B.R. 883, 886-87 (Bankr. N.D. Tex. 2002).[2]

---

[2] In Sternberg v. Johnston, 2010 WL 424811 (9th Cir. Feb. 8, 2010), the Ninth Circuit held that injury pursuant to Section 362(k)(1) is "the injury resulting from the stay violation itself.  Once the violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate

The Maynards failed to go beyond the pleadings and set forth specific facts that would be admissible as evidence regarding their actual damages.[3]  Without such evidence, no rational trier of fact could find in the Maynards favor.  Accordingly, Radiology's Motion for Summary Judgment is granted.  A judgment in favor of Radiology will be entered separately.

SO ORDERED this 25th day of February, 2010.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

---

for 'actual damages' under § 362(k)(1)."  Id. at *8.  In this case, it is undisputed that Radiology has not contacted the Maynards since mailing the billing statement postmarked November 3, 2009;  it is also undisputed that Radiology put a "bankruptcy hold" on the Maynards' account when it received notice of the bankruptcy on November 2, 2009.  Thus, it appears that no action by the Maynards may have been necessary to end Radiology's alleged violation of the stay.  A debtor "cannot 'manufacture' such damages in the form of attorneys' fees for filing a sanctions motion that, but for those fees, has no independent basis for recovery." Martinez, 281 B.R. at 887.

[3] The purpose of the letter sent by Radiology's counsel to the Maynards' counsel on November 19, 2009, was to seek clarification regarding the calculation of the $1,600 in damages alleged in the Maynards' November 16th demand letter.  Radiology was seeking the same information that the Maynards failed to plead or include in their Response – some accounting of the Maynards' damages arising from Radiology's alleged violation of the stay.  Because "[t]he automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment," it is reasonable for a creditor who has received a demand letter from a debtor to seek information about the debtor's alleged damages. In re McHenry, 179 B.R. 165, 169 (B.A.P. 9th Cir. 1995)(emphasis added).  However, having found that the Maynards failed to establish the essential element of actual damages, the Court need not determine whether Radiology's actions constituted "willful violations" of the automatic stay.